### SMITH *v.* WALTON *et al.*

(*District Court, S. D. New York.* June 20, 1892.)

PATENT ON WOODEN DISH—STAMP ON CRATES—REV. ST. §§ 4900, 4901—IMITATION—NO PENALTY.

The patentee of wooden dishes which might have been marked "Patented," etc., as required by section 4900, Rev. St., did not stamp the dishes, but only the crates in which they were packed. Upon a suit for penalties under the second paragraph of section 4901 against the defendant for placing a similar stamp upon crates of similar dishes made by the defendant without license, *held*, on demurrer to complaint, that sections 4900 and 4901 must be construed together: that the stamping of articles capable of stamping was necessary; and that the stamping of the crates containing them was insufficient, and was not protected by sections 4900 and 4901; and that a similar stamping of his own crates by the defendant did not render him liable to any penalty.

At Law. Action by Seth H. Smith against David S. Walton and George West to recover penalties for alleged violation of the patent laws. Heard on demurrer to the complaint. Demurrer sustained.

*Rush Taggart* and *Almon Hall*, for plaintiff.
*James P. Foster*, for defendants.

BROWN, District Judge. The above action is brought under section 4901 of the United States Revised Statutes to recover $220,000 penalties alleged to have been incurred by the defendants in marking upon and affixing to 2,200 crates of wooden dishes the word "Patented" and the words "Oval Wooden Dish" with intent to imitate and counterfeit the mark and device of the plaintiff, who was the patentee of said dishes, without his consent, and without having obtained any patent therefor. The complaint consists of 2,200 counts, each of which, after the first, charges a similar offense in regard to "a certain other crate of wooden dishes," claiming a penalty of $100 for each offense. The defendants have demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action, and under this head have

alleged 19 specifications of insufficiency. The defendants also demur on the ground that the court has not jurisdiction of the persons of the defendants. The matters specified under the latter head have, however, been previously considered by the court and overruled, and need not be further considered here.

The complaint sufficiently avers the obtaining of letters patent for an improvement in wooden dishes on March 13, 1883, upon the invention of the plaintiff, and several mesne assignments of interests under the patent, including a subsequent transfer of a part thereof to the plaintiff himself, and the manufacture of wooden dishes thereunder, and that said dishes have been "uniformly marked by the plaintiff and his assigns as the 'Oval Wooden Dish,' and are well known to the public as such." The complaint further states that "ever since the issue of said letters patent the said owners thereof have manufactured and sold said patented wooden dishes in large quantities; and have, pursuant to the requirements of section 4900 of the Revised Statutes of the United States, marked *each of the crates* or packages containing said dishes, 'Patented March 13th, 1883,'" and that the "defendants with intent to imitate and counterfeit the said mark and device of plaintiff and his said assigns, without having the license or consent of the patentee of said wooden dish, or of his assigns, or legal representatives, and without having obtained any patent therefor and wholly without right, did mark upon and affix to a crate of wooden dishes such as are described and claimed in and covered by the plaintiff's letters patent, the word 'Patented,' and affixed to the said crate the words 'Oval Wooden Dish' contrary to the provisions of said section 4901."

All the subsequent counts in the complaint are to the same effect. They are manifestly all based upon the alleged violation of the second paragraph of section 4901, which makes liable to a penalty every person "who. in any manner, marks upon or affixes to any such patented article, the word 'Patent' or 'Patentee,' or the words 'Letters Patent,' or any word of like import, with intent to imitate or counterfeit the mark or device of the patentee, without having the license or consent of such patentee or his assigns or legal representatives."

The only question needful to be considered is whether the complaint sufficiently avers that the defendants have "in any manner marked upon or affixed to the patented article the word 'Patented' with intent to imitate or counterfeit the patentee's mark," within the meaning of section 4901. The complaint does not aver that the word "Patented" was marked upon the dishes themselves, but only upon the crates containing the dishes. The practice of the plaintiff also was not to stamp the dishes "Patented," but only the crate.

Section 4900 of the Revised Statutes makes it the duty of all patentees making or vending any patented article "to give sufficient notice to the public that the same is patented either by *affixing thereon* the word 'Patented,' * * * or, when *from the character of the article* this cannot be done, by *affixing to it* or *to the package* wherein one or more of them is inclosed, a label containing the like notice."

It is difficult to construe the stamping of the word "Patented" on a crate containing wooden dishes to be either a marking of that word *upon* the dishes, or *affixing it to* them. The general public, for whom the mark is designed by the statute, never get the benefit of such a stamping. They do not buy by the crate. The case is wholly different from marks on the labels or covers that are attached to articles sold and accompany them to the consumers. A mark on a crate is, therefore, outside of the law, both in letter and in spirit.

Section 4901, moreover, must be construed in connection with section 4900. The second paragraph of section 4901, which is applicable only when the act is done "with intent to imitate or counterfeit the mark or device of the patentee," does not apply to any mark or device of the patentee that is not itself within the protection of the law. The mark or device referred to and intended to be protected by the second paragraph of section 4901 is such a mark or device as the patentee is required by the former section to affix *upon* or *to* the patented article, and which conforms to the requirements of that section. The words of section 4901 "to mark upon or affix to," etc., refer to the two alternative provisions of the preceding section, which are made obligatory upon the patentee. The second paragraph of section 4901 is designed to protect the patentee's mark when made in accordance with section 4900. This is clear from the fact that a necessary ingredient in the offense is the intent "to counterfeit the patentee's mark." But what mark? Evidently the one required by the former section, since there is no reference anywhere to any other. If the patentee puts on no mark at all, manifestly no penalty under the second paragraph of section 4901 could be incurred; and a mark contrary to law, or not recognized by the law, is the same as no mark. It is not the intent of the law to protect the patentee in disobeying the law. Much less will a strained construction be put on a penal statute for such a purpose. *Pentlarge* v. *Kirby*, 19 Fed. Rep. 503.

Upon the complaint it cannot be claimed that the wooden dishes patented were "of such a character" that the word "Patent" with the day and year of the patent "could not be affixed thereon." On the contrary, the averment of the complaint that "said dishes have been uniformly marked by the plaintiff and his assigns as the 'Oval Wooden Dish'" shows conclusively that there was nothing in the character of the article to prevent affixing thereon the words "Patent," etc. The plaintiff's mark or stamp upon the crate which he complains of the defendants for imitating, was therefore, not a mark within the protection of the law, but one altogether outside of the statute and not protected by it. The mark might be sufficient to sustain a suit for an injunction, but this is not such a suit. For this reason, as well as because the marks both of the plaintiff and of the defendants were not made "upon or affixed to the patented article" within the letter or spirit of section 4900 and section 4901, the demurrer is sustained.